IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TONY MCGAHHEY                                                                    PLAINTIFF

v.                              CIVIL NO. 16-5263

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tony McGahhey, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his application for DIB on June 24, 2014, alleging an inability to work since June 1, 2013.[2] (Tr. 143-46.) An administrative hearing was held on June 15, 2015, at which Plaintiff appeared with counsel and testified and a vocational expert (VE) also testified. (Tr. 26-59).

By written decision dated July 1, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. Specifically, the ALJ found that Plaintiff had the following severe impairments: Type II diabetes mellitus, peripheral neuropathy, depressive disorder, and bipolar disorder. (Tr. 13.) However,

---

[1]Nancy A. Berryhill has been appointed to serve as acting Commisioner of Social Security and is substituted as the Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2]Plaintiff originally alleged an onset date of May 7, 2010, but he amended his onset date to June 1, 2013, at the hearing before the ALJ. (Tr. 33.)

after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14-15.) The ALJ found that during the relevant time period, from Plaintiff's alleged onset date of June 1, 2013, through the his date last insured of March 31, 2014, Plaintiff retained the residual functional capacity to perform sedentary work that was limited to simple, routine, repetitive tasks in a setting where interpersonal contact was incidental to the work performed and supervision was simple, direct, and concrete. (Tr. 15). With the help of a VE, the ALJ determined that Plaintiff could perform work as a label cutter machine operator, ordnance check weigher, and motor polarizer (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request for review on August 12, 2016. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would

have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 8th day of March 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE